CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DUCHELLE GREEN, | CASE NO. 7:18CV00207 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| AMHERST COUNTY ADULT DET. CENTER, ET AL., | By: Glen E. Conrad<br>Senior United States District Judge |
| Defendants. | |

Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he did not receive a sufficiently nutritious diet while confined at the Amherst County Detention Center ("ACADC"). After review of the record, the court concludes that this civil action must be summarily dismissed without prejudice for failure to state a claim.

I.

The ACADC is a jail facility operated by the Blue Ridge Regional Jail Authority ("BRRJA"). Green's § 1983 complaint alleges: "I am not being feed [sic] the proper caloric intake as to the VA. DOC Standard by the Guidelines. This is a violation of my constitutional rights as being a VA. State Inmate." Compl. 2, ECF No. 1. As defendants, Green names the ACADC, the BRRJA, and Timmy Trent.[1]

By order entered October 30, 2018, the court notified Green that his complaint did not present enough facts to state any actionable claim under § 1983 against the defendants he has named and granted him thirty days to file an amended complaint or face summary dismissal of

---

[1] After filing this action, Green notified the court that he had been transferred to another jail facility. Thus, any claim for injunctive relief is moot. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.")

the action. Specifically, the court informed Green that an amended complaint must state the sequence of events on which he bases his claims, what actions each defendant took in violation of his constitutional rights, what harm he suffered as a result of their conduct, and what relief he seeks. The time granted for the amended complaint has elapsed, and the court has not received any further pleading or correspondence from Green. Accordingly, the court will address his complaint and attachments as initially filed.

The attachments to the complaint provide some additional details. Green complained in a grievance that the food at ACADC was making him "very sick" and left him hungry. Id. at 4. A jail official issued a written response, stating "[t]he kitchen goes by a menu that is approved by the state dietician" and food service "staff oversee the serving line and ensure that the correct amount of food is placed on each tray." Id. at 5. This response also indicated that a nurse had spoken with Green about his complaint of feeling sick. Green appealed the grievance response to the BRRJA administration, stating "[i]t is obvious what needs to be done. We need the Proper Calorie Count In our meal. All the Inmate in K pod will testify to this; one Boiled egg, 1 ledle [sic] of oatmeal, one muffin is not the Right Calorie count for Breakfast. We are starving." Id. at 3. A BRRJA representative addressed the appeal:

> Inmates throughout the [BRRJA] are given meals with nutritional value[s] that either meet or exceed the Recommended Dietary Allowance regarding caloric intake. All menus are approved by a Registered Dietician. While it may not be the quantity you desire, the amount coincides with the Virginia DOC Standard. . . . If you feel at any time like you need medical attention, submit a request form.

Id.

## II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous,

2

malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).[2] A court must accept the plaintiff's factual allegations as true, but need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

Green first names ACADC as a defendant. A jail building, however, cannot qualify as a person subject to being sued under § 1983. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Therefore, the court must dismiss Green's claims against ACADC.

Green also names the BRRJA as a defendant. To prove that a governmental entity, such as a regional jail authority, is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). Green states no facts in the complaint linking the allegedly inadequate amount of food he received at ACADC to a specific policy or decision officially adopted by the governing body of the jail authority. On the contrary, Green's

---

[2] The court has omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

3

attachments indicate that per policy, the BRRJA provides its inmates with a diet approved by a registered dietician as nutritionally appropriate and consistent with VDOC standards. The court will summarily dismiss Green's complaint against the BRRJA.

Green's third named defendant is Timmy Trent. He does not state who Trent is or describe any action Trent took, personally, that violated Green's rights or harmed him in any way. Thus, Green's submissions do not state any actionable claim against Trent. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Accordingly, the complaint against Trent must be dismissed.

In any event, Green's complaint does not state sufficient facts for an actionable § 1983 claim against anyone. His stated belief that the ACADA meals failed to provide him with adequate nutrition and caused him to become sick is unsupported by factual matter. The court need not accept his merely conclusory opinion as a true fact. E. Shore Mkts., 213 F.3d at 180.

For these reasons, the court concludes that Green's submissions do not state any claim upon which relief could be granted and must be summarily dismissed the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves Green free to refile his claims in a new and separate civil action if he can state facts to support an actionable claim against a proper defendant. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of December, 2018.

_____
Senior United States District Judge